P&P File # P166928

# In The
# United States Court Of Appeals
# for the Third Circuit

| | | |
|---|---|---|
| **PAULA JENSEN,** | : | |
| | : | |
| **Appellant,** | : | |
| | : | **Appellate Docket Number: 14-2808** |
| **vs.** | : | |
| | : | |
| **PRESSLER & PRESSLER, LLP;** | : | |
| **MIDLAND FUNDING, LLC; and** | : | |
| **DOES 1-100,** | : | |
| | : | |
| **Appellees.** | : | |

## *Nature of the Proceeding*

*On Appeal from an Order entering summary judgment in favor of Appellees out of the United States District Court for the District of New Jersey proceeding under Docket No. 2:13-cv-01712.*

## SUPPLEMENTAL APPENDIX PURSUANT TO THE COURT'S MARCH 19, 2015 DIRECTIVE
### Supplemental Volume I:  Pages 001 through 025

PRESSLER & PRESSLER, LLP
Mitchell L. Williamson, Esq.
mwilliamson@pressler-pressler.com
Michael J. Peters, Esq.
mpeters@pressler-pressler.com
7 Entin Road
Parsippany, NJ 07054
(973) 753-5100 (telephone)
(973) 753-5353 (facsimile)

March 26, 2015

Attorneys for Appellee,
Pressler & Pressler, LLP

# **TABLE OF CONTENTS**

Document                                                                          PAGE

Notice of Motion to Vacate Default/Vacate
Default Judgment and Permit Discovery
filed February 12, 2013 (in the Superior Court of
New Jersey, Law Division, Special Civil Part)
 with attachments: .................................................................001

        Certification in Support of Motion and
        exhibits...........................................................002

        Certification of Service....................................007

        Proposed Answer.............................................008

        Proposed Order................................................009

Objection to Notice of Motion to Vacate Default/
Vacate Default Judgment and Permit Discovery filed
on February 14, 2013 on behalf of Midland Funding, LLC
with attachments: ...................................................................010

        Certification in Opposition to Defendant's
        Motion to Vacate Judgment...........................012

        Brief in Opposition to Defendant's Motion
        To Vacate Judgment........................................018

Order dated March 1, 2013 denying Notice of
Motion to Vacate Default/Vacate Default Judgment
and Permit Discovery entered by the Honorable
Amy O'Connor, J.S.C. .........................................................024

        Cover letter enclosing March 1, 2013 Order ...............025

Supp. App. Vol. I., pg. 001 of 025

Case: 14-2808    Document: 003111915647    Page: 3    Date Filed: 03/26/2015

Pressler & Pressler LLP

Plaintiff's Name (first, middle, last)    RECEIVED/FILED
                                          SUPERIOR COURT OF N.J.
7 Entin Road                              WARREN COUNTY
Address

Parsippany, NJ 07054-5020    2013 FEB 12  P 3: 24
City, State, Zip Code

973 753-5100                 DEPUTY CLERK
Telephone Number             CIVIL DIVISION

                    vs.

Paula Jensen
Defendant's Name (first, middle, last)

122 Silver Lake Road
Address

Blairstown, NJ 07825
City, State, Zip Code

908 362-9086
Telephone Number

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION**
**SPECIAL CIVIL PART**

Warren _____ County

Docket Number DC 3230-11

**Civil Action**
**Notice of Motion**

(check one)
■ I do not request Oral Argument
☐ I request Oral Argument

If you requested Oral Argument do you wish to request:
An Interpreter: ☐ Yes    ☐ No
Indicate Language: _____

An accommodation for a disability: ☐ Yes    ☐ No
Requested accommodation: _____

**PLEASE TAKE NOTICE** that I will apply to the Superior Court of New Jersey, Law Division,

Special Civil Part WARREN _____ County located at _____ 413 2nd St, Belvidere _____ NJ,
                                                              (Courthouse Address)

07823 _____ in the above entitled matter for an **Order** to:
(Zip Code)

■ Permit Discovery                          ☐ Amend Judgment
☐ Vacate Dismissal/Reinstate Complaint      ☐ Enter Judgment Out of Time
☐ Amend Complaint                           ■ Vacate Default/Vacate Default Judgment
☐ Amend Answer                              (must include answer, any cross-claims or counterclaims,
☐ Other (Specify)                           and the application fee; see step 6 on page 4)

**NOTICE: IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING.** Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false.   You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral argument, you will be notified of the time, date and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if not represented by an attorney.

If you do not notify the Clerk and the undersigned in writing within ten (10) days of service of the motion that you object to entry of the order sought, the court, in its discretion, may enter the order against you without a hearing.

_2/8/2013_                    _____
Date                         Signature

                             PAULA JENSEN
                             Type or Print Name

                             Check one:  ☐ Plaintiff    ■ Defendant

Supp. App. Vol. I., pg. 002 of 025

Case: 14-2808    Document: 003111915647    Page: 4    Date Filed: 03/26/2015

Pressler & Pressler  LLP
_Plaintiff's Name (first, middle, last)_

7 Entin Road
_Address_

Parsippany, NJ 07054-5020
_City, State, Zip Code_

973 753-5100
_Telephone Number_

**vs.**

Paula Jensen
_Defendant's Name (first, middle, last)_

122 Silver Lake Road
_Address_

Blairstown, NJ 07825
_City, State, Zip Code_

908 362-9086
_Telephone Number_

RECEIVED/FILED
SUPERIOR COURT OF N.J.
WARREN COUNTY

2013 FEB 12 P 3: 21

DEPUTY CLERK
CIVIL DIVISION

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION**
**SPECIAL CIVIL PART**
Warren          County

Docket Number DC 3230-11

**Civil Action**
**Certification in Support of Motion to:**

■ Permit Discovery
☐ Amend Judgment
☐ Vacate Dismissal/Reinstate Complaint
☐ Enter Judgment Out of Time
☐ Amend Complaint
■ Vacate Default/Vacate Default Judgment
   (must include answer, any cross-claims or
   counterclaims, and the application fee; see
   step 6 on page 4)
☐ Amend Answer
☐ Other (Specify)

---

Paula Jensen _____ of full age, being the  ☐ Plaintiff  ■ Defendant
      _(Your Name)_                                        _(check one)_

**in the above case states:**

Validation of chain of title has not been established for this debt.

Also, the plaintiff is in blatant violation of the THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA),
with their correspondences and collection practices, plus impersonating a court employee.

SEE ATTACHED.

**You may attach more sheets if you need to, but you must copy the certification language below
onto any additional sheets you use, and you must sign and date each additional sheet.**

I certify that the foregoing statements made by me are true.  I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.

2/8/2013 _____         _____
Date                                Signature

PAULA JENSEN _____
Type or Print Name

Check one:  ☐ Plaintiff   ■ Defendant

Supp. App. Vol. I., pg. 003 of 025

Case: 14-2808    Document: 003111915647    Page: 5    Date Filed: 03/26/2015

The plaintiff is in violation of the FDCPA as evidenced with attached correspondence, document A. This letter engages threats of arrest and incarceration, punishment and being accused of contempt. It was signed as if co-authored by the Warren County Court clerk, Terry Lee, who retired six years ago.  As per FDCPA § 807 cites violations:

- (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

- (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

By way of discovery, plaintiff refuses to provide validation of chain of title as well as defendant's original signature card for said credit agreement. Additionally, the calculations used for compounded interest rates have not be verified. Defendant's request and plaintiff's response are attached, documents B and C.

My statute to question the plaintiff's ownership of my debt has not expired. As per the FDCPA § 809, referencing the plaintiff's 30-day response window in document C:

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

A default judgment, DJ-075397-12, placed a lien was against defendant's property, despite defendant responding to plaintiff on April 23, 2012, and agreeing to a payback program prior to the plaintiff's deadline date of April 24, 2012.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 2/8/13 Signature: _____

Type or Print Name          PAULA JENSEN

Check one:       ____ Plaintiff        __ X__ Defendant

Supp. App. Vol. I., pg. 004 of 025

Case: 14-2808   Document: 003111915647   Page: 6   Date Filed: 03/26/2015

A

PRESSLER and PRESSLER, LLP                          P&P# J93075
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100   Ext 5106

### IMPORTANT NOTICE - PLEASE READ CAREFULLY

### INFORMATION SUBPOENA AND WRITTEN QUESTIONS

#### FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA
#### MAY RESULT IN YOUR ARREST AND INCARCERATION

MIDLAND FUNDING LLC

                    Plaintiff(s)           SUPERIOR COURT OF NEW JERSEY
                                           LAW DIVISION
                                           WARREN  County
-vs-                                       DOCKET NO.  DJ-075397-12

                                                Civil Action
PAULA JENSEN
                                              INFORMATION SUBPOENA
                    Defendant(s)

THE STATE OF NEW JERSEY, to:  PAULA JENSEN

JUDGMENT has been entered against you in the Superior Court of New Jersey, Law Division, WARREN County, on April 9, 2012, in the amount of $5,978.03 plus costs, of which $5,839.81 together with interest from April 9, 2012, remains due and unpaid.

Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion. Even if you dispute the judgment you must answer all of the attached questions.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court. However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income. Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

Dated:  12/12/12
 s/Joanne L. D'Aurizio                    s/TERRANCE D LEE
    Joanne L. D'Aurizio                      TERRANCE D LEE
    Attorney for Plaintiff                         Clerk

PAULA JENSEN
122 SILVER LAKE RD
BLAIRSTOWN, NJ 078254124



Paula Jensen
122 Silver Lake Road
Blairstown, NJ 07825

RECEIVED/FILED
SUPERIOR COURT OF N.J.
WARREN COUNTY

2013 FEB 12 P 3: 24

DEPUTY CLERK
CIVIL DIVISION

*Via Certified Mail:*
**Pressler and Pressler, LLP**
**7 Entin Road**
**Parsippany, NJ 07504-5020**

RE: Warren County Docket DJ-075397-12
    Original DC 3230-11

January 15, 2013

Gentlemen,

    I received the enclosed information subpoena sent to me by certified mail and cover letter. As per the Fair Debt Collection Practices Act (FDCPA), which affords me the right to dispute your claims, I am now pursuing an answer and motion to vacate this matter before the court.

    The letter advised me to contact the county clerk, Terrance Lee, with any questions. He was noted as a co-sender, along with an attorney from your firm. I was very surprised as he is a personal friend and know he is no longer employed in this capacity. Warren County Court since verified that Mr. Lee retired over six years ago. This indicates that this is a fraudulent document created and generated by your law firm - not the court. This is in violation of the FDCPA, as is the threatening verbiage, "failure to comply with this information subpoena may result in your arrest and incarceration" in same correspondence. A complaint has been filed with the FTC for this offense, reference #42854805.

    I also spoke with a paralegal, Jason, at your establishment and inquired as to obtaining a copy of the original agreement for credit associated with my Bank of America account. He was unaware one existed. Both facts enforce the questionable nature of your dealings.

    Regretfully, I am remiss in not being as proactive before the judgment was made for the original docket DC 3230-11, which resulted in a monthly payment arrangement; assuming you were legitimate was my error. After missing one payment, I attempted to catch up with a duplicate payment that you accepted but then refused to continue the arrangement. This inflexibility also reflects on your intent to collect this debt regardless of circumstances. The following page outlines other surreptitious dealings of your firm as provided by an independent source.

    By way of discovery, please produce any documents that substantiate ownership of my debt. These include the original signed contract and title of ownership.

Sincerely,

Paula Jensen

Att: Request for/and information subpoena, P&P #J93075, from Pressler and Pressler via certified mail

cc: Superior Court of NJ, Law Division, Warren County
    413 Second Street, Belvidere, NJ 07823

Supp. App. Vol. I., pg. 006 of 025

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER

GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.

MITCHELL L. WILLIAMSON (NJ & NY)
FRANCIS X. GRIMES (NJ & PA)
DARREN H. TANAKA (NJ & NY)
JOANNE L. D'AURIZIO (DC ,FL, NJ & NY)
MITCHELL E. ZIPKIN (NJ & NY)
CRAIG S. STILLER (NY ONLY)
RALPH GULKO (NJ ,NY & PA)

**PRESSLER AND PRESSLER, LLP**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353

*NY Office:*
305 Broadway, 9th Floor
New York, NY 10007
Office: (516)222-7929
Fax: (973)753-5353
E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office [ ] New York Office [ ] Pennsylva nia Office

*PA Office*
804 West Avenue
Jenkintown, PA 19046
Office (215)576-1900
Fax: (215) 576-7299

DALE L. GELBER
GINA M. LO BUE (NJ & NY)
EDWARD STOCK (PA ONLY)
NICHOLAS J. MADONIA
CHRISTOPHER P. ODOGBILI

DANIEL B. SULLIVAN (NJ & PA)
MICHAEL J. PETERS (NJ & NY)
DARYL J. KIPNIS
RITA E. AYOUB
THOMAS M. BROGAN
STEVEN A. LANG

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

*C*

JANUARY 24, 2013

PAULA JENSEN
122 SILVER LAKE RD
BLAIRSTOWN, NJ 078254124

RECEIVED/FILED
SUPERIOR COURT OF N.J.
WARREN COUNTY
2013 FEB-12 P 3:24
DEPUTY CLERK
CIVIL DIVISION

Re: MIDLAND FUNDING LLC vs PAULA JENSEN
Superior Court of New Jersey: Law Division
WARREN County - Docket No. DJ-075397-12
P&P File Number J93075
Account Number 5490354721038864

Balance $5,807.67

Dear Ms. Jensen:

As previously advised, Midland Funding LLC presently owns your delinquent Bank of America MasterCard account, number 5490-3547-2103-8864. This office is in receipt of your letter dated January 15, 2013, which was included with your information subpoena, requesting specific documents in reference to the above.

Please note an initial notice of debt was sent to you on November 3, 2011 giving you thirty (30) days in which to request verification of debt. No such request was made during this time period. Please be advised that there is no legal requirement that you be provided with the exact information you have requested. As a courtesy please be advised that according to our client's records this account was originally opened on November 30, 2004 and the last payment was received by the original creditor on September 15, 2007. This account was subsequently charged off as a bad debt on January 30, 2008.

Judgment was entered against you on February 22, 2012 in the amount of $5,965.82, which includes costs. At present you owe the remaining balance of $5,807.67, which includes accrued interest. Enclosed please find a notification of judgment, which this office received from the Court's automated filing system, JEFIS.

Finally, thank you for pointing out that Mr. Lee has retired, and that his successor is Mary Braunschweiger. We have corrected our forms to make them current. Now that he is retired, perhaps Mr. Lee can give you some advice about the judgment, which I assume you realize is a very serious matter.

Please be guided accordingly.

Should you have any questions regarding this matter or wish to enter a mutually agreeable payment arrangement, please feel free to contact our office toll free at (888) 312-8600 and ask for our Legal Resolution Team at extension 5656. Until further notice, our office will be enforcing the judgment entered against you.

Very truly yours,

PRESSLER & PRESSLER, LLP

Steven P. McCabe
SPM/MS
Encl.
**This communication is from a debt collector.**

Case: 14-2808    Document: 003111915647    Page: 9    Date Filed: 03/26/2015

Supp. App. Vol. I., pg. 007 of 025

**Form A**
(Second Page)

RECEIVED/FILED
SUPERIOR COURT OF N.J.
WARREN COUNTY

2013 FEB 12 P 3: 25

DEPUTY CLERK
CIVIL DIVISION

# Certification of Service

I certify that I served a copy of this motion and any accompanying pages (check one)

☐ Personally on the person(s) or attorney(s) listed below.

☑ By mailing it to the person(s) or attorney(s) listed below by regular **and** certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Pressler & Pressler LLP
_____
(Name)

_____
(Name)

*7012 0470 0000 8236 2347*
_____
(Certified Mail Number)

_____
(Certified Mail Number)

7 Entin Road
_____
(Address)

_____
(Address)

Parsippany, NJ 07054-5020
_____
(City, State & Zip Code)

_____
(City, State & Zip Code)

_____
(Name)

_____
(Name)

_____
(Certified Mail Number)

_____
(Certified Mail Number)

_____
(Address)

_____
(Address)

_____
(City, State & Zip Code)

_____
(City, State & Zip Code)

_____        _____
Date                           Signature

                               PAULA JENSEN
                               _____
                               Type or Print Your Name

                               Check one    ☐ Plaintiff    ☑ Defendant

Case: 14-2808   Document: 003111906847   Page: 10   Date Filed: 03/26/2015

Supp. App. Vol. I., pg. 008 of 025

Pressler & Pressler LLP

**Plaintiff's Name**

7 Entin Road

**Street Address**

Parsippany, NJ 07054-5100

**Town, State, Zip Code**

973 753-5100

**Telephone Number**

**vs.**

Paula Jensen

**Defendant's Name**

122 Silver Lake Road

**Street Address**

Blairstown, NJ 07825

**Town, State, Zip Code**

908 362-9086

**Telephone Number**

| NO. 847 |
|---|
| DATE  2-12-13 |
| PAYMENT: CA/CK/MO |
| CHECK/MO# 202 |
| AMOUNT $15.00 |
| PREPARER: JR |

RECEIVED/FILED
SUPERIOR COURT OF N.J.
WARREN COUNTY

2013 FEB 12  P 3: 24

DEPUTY CLERK
CIVIL DIVISION

**Superior Court Of New Jersey**
**Law Division, Special Civil Part**
Warren County
Docket No.   DC-3230-11

**CIVIL ACTION**

**Answer**

Check the appropriate statement or statements below which set forth why you claim you do not owe money to the plaintiff.

☐   (1)  The goods or services were not received.

☐   (2)  The goods or services received were defective.

☐   (3)  The bill has been paid.

☐   (4)  I/We did not order the goods or services.

☐   (5)  The dollar amount claimed by the plaintiff(s) is incorrect.

☒   (6)  Other – Set forth any other reasons why you believe money is not owed to the plaintiff(s).  (You may attach more sheets if you need to.)

Validation of chain of title has not been established. Plaintiff has also violated the Fair Debt Collection Practices Act with threatening correspondence plus impersonating a court employee. Motion to vacate has been filed.

☐          Trial by jury requested; an extra $50 check or money order is enclosed.

At the trial Defendant requests:

An interpreter:                              ☐ Yes  ☒ No  Indicate Language: _____

An accommodation for a disability:    ☐ Yes  ☒ No  Requested accommodation: _____

I certify the matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

I further certify that this answer was served on all other parties within 35 days of the date the summons and complaint were mailed to me as indicated on page 2 of the summons.

2/8/2013

**Dated**

**Defendant's Signature**

PAULA JENSEN

**Defendant's Name – Type or Printed**

Case: 14-2808    Document: 003111915647    Page: 11    Date Filed: 03/26/2015

Supp. App. Vol. I., pg. 009 of 025

Pressler & Pressler  LLP
_____
Plaintiff's Name (first, middle, last)

7 Entin Road
_____
Address

Parsippany, NJ 07054-5020
_____
City, State, Zip Code

973 753-5100
_____
Telephone Number

**vs.**

Paula Jensen
_____
Defendant's Name (first, middle, last)

122 Silver Lake Road
_____
Address

Blairstown, NJ 07825
_____
City, State, Zip Code

908 362-9086
_____
Telephone Number

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
SPECIAL CIVIL PART

Warren _____ County

Docket Number  DC 3230-11 _____

## Civil Action
## Order

---

This matter being opened to the court by  Paula Jensen _____ the
(Your Name)

☐ Plaintiff    ■ Defendant   in the case by way of motion seeking an order to:
(check one)

■ Permit Discovery                    ☐ Amend Judgment
☐ Vacate Dismissal/Reinstate Complaint   ☐ Enter Judgment Out of Time
☐ Amend Complaint                     ■ Vacate Default/Vacate Default Judgment
☐ Amend Answer                        ☐ Other (Specify)

and the court having considered the motion, pleadings on file and/or argument of the moving party and
for good cause appearing;

**(Do not write below this line, for court use only)** _____

On this _____ day of _____ 20 _____:

it is **ORDERED** that




it is **FURTHER ORDERED** that a copy of this Order be served by the moving party upon all other
parties or their attorneys, if any, within _____ days of the date listed above.

**This motion was:**
     ☐ **Opposed**      ☐ **Unopposed**      _____
                                                                          , J.S.C.

---

Revised 09/2011, CN 10543 (How to File a Motion in the Special Civil Part)                    page 9 of 9

RECEIVED THURSDAY 2/14/2013 4:17:08 PM 19126588

Case: 14-2808    Document: 003111915647    Page: 12    Date Filed: 03/26/2015

Supp. App. Vol. I., pg. 010 of 025

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER
──────────────
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
──────────────
MITCHELL L. WILLIAMSON (NJ & NY)
FRANCIS X. GRIMES (NJ & PA)
DARREN H. TANAKA (NJ & NY)
JOANNE L. D'AURIZIO (DC, FL, NJ & NY)
MITCHELL E. ZIPKIN (NJ & NY)
CRAIG S. STILLER (NY ONLY)
RALPH GULKO (NJ, NY & PA)

*PRESSLER AND PRESSLER, LLP*
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353

*NY Office:*
305 Broadway, 9th Floor
New York, NY 10007
Office: (516)222-7929
Fax: (973)753-5353

*PA Office*
804 West Avenue
Jenkintown, PA 19046
Office (215)576-1900
Fax: (215) 576-7299

E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office  [ ] New York Office  [ ] Pennsylvania Office

DANIEL B. SULLIVAN (NJ & PA)          DARYL J. KIPNIS
DALE L. GELBER          MICHAEL J. PETERS (NJ & NY)
GINA M. LO BUE (NJ & NY)          RITA E. AYOUB
EDWARD STOCK (PA ONLY)          THOMAS M. BROGAN
NICHOLAS J. MADONIA          STEVEN A. LANG
CHRISTOPHER P. ODOGBILI          DIANA K. ZOLLNER

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

02/14/13

# Objection-motion

Please file the Objection to a motion on the following case.  If you have any questions/problems please call Aneta Koszelnik at 973-753-5100 x 5569.

Very truly yours,

PRESSLER & PRESSLER, LLP

Supp. App. Vol. I., pg. 011 of 025

MAURICE H. PRESSLER (Case: 14-2808      Document:00114XXXX LLP Page: 13    DANIEL E. Date Filed: 03/26/2015 PNIS

SHELDON H. PRESSLER                                          COUNSELLORS AT LAW                          DALE L. GELBER                MICHAEL J. PETERS (NJ & NY)
-----------------                                               7 Entin Rd.                               GINA M. LO BUE (NJ & NY)                    RITA E. AYOUB
GERARD J. FELT                                              Parsippany, NJ 07054-5020                     EDWARD STOCK (PA ONLY)             THOMAS M. BROGAN
STEVEN P. McCABE                                            Off: (973) 753-5100                           NICHOLAS J. MADONIA                   STEVEN A. LANG
LAWRENCE J. McDERMOTT, JR.                                  Fax: (973) 753-5353                           CHRISTOPHER P. ODOGBILI              DIANA K. ZOLLNER

-----------------
MITCHELL L. WILLIAMSON (NJ & NY)          NY Office:                      PA Office
FRANCIS X. GRIMES (NJ & PA)          305 Broadway, 9th Floor           804 West Avenue
DARREN H. TANAKA (NJ & NY)           New York, NY 10007                Jenkintown, PA 19046          OFFICE HOURS:
JOANNE L. D'AURIZIO (DC ,FL, NJ & NY)  Office: (516)222-7929            Office (215)576-1900           Monday-Thursday: 8am-9pm
MITCHELL E. ZIPKIN (NJ & NY)         Fax: (973)753-5353                Fax: (215) 576-7299             Friday: 8am-7pm
CRAIG S. STILLER (NY ONLY)               E-MAIL: Pressler@Pressler-Pressler.com                         Saturday: 9am-2pm
RALPH GULKO (NJ ,NY & PA)                          Please Reply To:
                            [X] New Jersey Office [ ] New York Office [ ] Pennsylvania Office


FEBRUARY 14, 2013

Clerk, WARREN Special Civil Part
WARREN COUNTY COURTHOUSE
SECOND & HARDWICK STS.
BELVIDERE, NJ 07823


Re: MIDLAND FUNDING LLC  vs  PAULA JENSEN
    Superior Court of New Jersey: Law Division
    WARREN County - Docket No. DC-003230-11 & DJ-075397-12
    P&P File Number J93075

Dear Sir/Madam:

Plaintiff objects to the defendant's Motion to Vacate Judgment in the above matter.  Annexed hereto is a certification and brief in support of our position.  Plaintiff requests a hearing with oral argument and that the defendant's application be denied.

Very truly yours,

PRESSLER and PRESSLER, LLP


CPO/MC
Enclosures

CC:    PAULA JENSEN
       122 SILVER LAKE RD
       BLAIRSTOWN NJ 078254124

CC:    Deputy Clerk of the Superior Court, WARREN County
       COURT HOUSE
       BELVIDERE NJ 07823

Supp. App. Vol. I., pg. 012 of 025

Case: 14-2808    Document: 003111915647    Page: 14    Date Filed: 03/26/2015
P&P File Number J93075

**PRESSLER AND PRESSLER, LLP**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
(973) 753-5100

Attorney for Plaintiff

---

| | |
|---|---|
| MIDLAND FUNDING LLC | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: WARREN COUNTY |
| Plaintiff | |
| vs. | DOCKET NO. DJ-075397-12 |
| PAULA JENSEN | DOCKET NO. DC-003230-11 |
| | Civil Action |
| | CERTIFICATION IN OPPOSITION TO |
| | DEFENDANT'S MOTION TO VACATE JUDGMENT |
| Defendant | |

---

1. I am an attorney at law in the State of New Jersey associated with the law firm of Pressler and Pressler, LLP, attorneys for plaintiff, and I am familiar with the facts of this case.

2. The records of the Court reflect Defendant was served with a Summons and Complaint on December 13, 2011 with respect to the subject Bank of America MasterCard account number 5490354721038864.

3. The records of the Court further reflect Defendant was served with a Summons and Complaint at the same address at which she currently resides, 122 Silver Lake Rd., Blairstown, NJ 07825.

4. Also attached hereto, for the Court's review, is a copy of the signed certified mail receipt indicating that Defendant was properly served with the Summons and Complaint.

5. Defendant however, did not file a timely Answer in response to the Complaint and a default was entered against her.

6. The records of this office indicate that on January 10, 2012, Defendant contacted this office by phone and advised that she was not working. Defendant advised that she was a wedding photographer but business was slow in winter and could not afford at that time to make any arrangements to pay the debt. This office requested Defendant to call back when she was able to enter into a payment agreement.

7. Defendant did not proceed to file an Answer and a final judgment was entered against her on February 22, 2012. Notice of Entry of Judgment pursuant to R. 6:6-3(e) was sent to Defendant on February 28, 2012. However, Defendant did not respond to this notice.

8. Thereafter, this office proceeded to have the judgment successfully docketed on April 9, 2012.

9. Subsequently, this office sent Defendant a letter advising her of its intentions to execute against the judgment.

10. Shortly thereafter, Defendant contacted this office on April 23, 2012 and entered into a payment agreement by which she would make regular monthly payments to the offices of Pressler and Pressler, LLP, until the balance of the judgment was satisfied.

11. Defendant proceeded to make the first 2 payments that were due under this agreement. However, on her attempt to make her third payment with her credit in the month of July 2012, her payment was declined by her credit card company. This office sent Defendant a letter on August 1, 2012 advising that her payment did not go through. However, by August 10, 2012, Defendant had not responded to same, nor had Defendant sent a replacement payment. Consequently, on August 10, 2012, this office sent Defendant a letter advising her that the payment agreement was cancelled.

12. On August 21, 2012, this office applied to the Court for a Writ of Execution in order to levy against Defendant's bank account.

13. On September 11, 2012, Defendant made a voluntary payment of $150.00 to this office. Defendant also sent a letter to this office apologizing for her previous late payments and advising that she would resume regular payments in October 2012.

14. This office made an attempt to reach Defendant by phone in order to discuss the possibility of re-entering into a formal agreement. However, this office did not reach Defendant on its first attempt.

15. On September 25, 2012, Defendant spoke with this office over the phone at which time she

Case: 14-2808    Document: 003111915647    Page: 16    Date Filed: 03/26/2015

Supp. App. Vol. I., pg. 014 of 025

indicated she was no longer interested in an amicable resolution and had been doing research on line on how to prevail in Court.

16. With no arrangements in place, on December 12, 2012, this office served Defendant with an Information Subpoena by certified and regular mail.

17. Thereafter, Defendant contacted this office over the phone and asked for proof that Pressler and Pressler owned the debt.  The call was ended with this office advising Defendant that the debt was not owned by Pressler and Pressler.

18. On the same day, Defendant called back and asked for proof that Plaintiff, Midland Funding, LLC owned the debt.  Defendant also advised that she was upset that her payment agreement was cancelled.

19. This office sent a letter to Defendant in response to her requested.  Thereafter, Defendant contacted this office and requested materials that amounted to extensive discovery.

20. On February 5, 2013, this office spoke with Defendant in an attempt to reach an amicable resolution.  However, during this phone call, Defendant advised she would only discuss a payment agreement if this office vacated its lien against her.  Defendant then ended the phone call advising that she first wished to see how she would fare with her motion to vacate, before further discussing a resolution.

21. Thereafter, this office received Defendant's application seeking to vacate the judgment.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: February 14, 2013

Christopher P. Odogbili

Supp. App. Vol. I., pg. 015 of 025

Case: 14-2808    Document: 003111915647    Page: 17    Date Filed: 03/26/2015

## ARGUMENT

a.  The burden of proof in such an application is entirely upon Defendant.  Defendant by competent proofs must show compliance with the Rules of Court.  This requirement of competent proofs is one Defendant must meet as demonstrated by the brief annexed hereto.

b.  Under R. 4:50-1, a party seeking to vacate judgment must demonstrate both excusable neglect and a meritorious defense.

c.  With respect to excusable neglect, Defendant's application to vacate judgment is silent. Defendant offers no explanation as to why she did not file an Answer in response to the Complaint that was served upon her on December 13, 2011.

d.  Not only do the Court records reflect that the certified mail containing the Summons and Complaint was signed for, but Plaintiff's Certification also demonstrates that prior to the entry of judgment, Defendant had a conversation with this office indicating her awareness of the debt.  However, Defendant still did not file an Answer in response to the Complaint.

e.  With respect to a meritorious defense, Defendant argues that Plaintiff is in violation of the Fair Debt Collection Practices Act.  Defendant also accuses Plaintiff of failing to provide discovery. Additionally, Defendant claims that in spite of her agreement to a "payback program" a lien was placed against her property.

f.  The entirety of Defendant's pleadings does not raise a valid basis for the Court to vacate the judgment of record.

g.  Defendant at this juncture is not entitled to discovery as she did not file a timely Answer in response to the Complaint.

h.  Discovery is reserved for cases in which timely answers were filed.  As such, Defendant's predicating her motion on the basis that Plaintiff allegedly did not comply with discovery, is

Supp. App. Vol. I., pg. 016 of 025

Case: 14-2808    Document: 003111915647    Page: 18    Date Filed: 03/26/2015

not a valid basis for the Court to vacate the judgment.

i. Defendant also contends that Plaintiff has violated the FDCPA in its collections practices. However, it is unclear how such claims, even if the Court were to entertain same, would justly result in the judgment being vacated, as Pressler and Pressler is the party making collection efforts against Defendant and not the Plaintiff. Furthermore, the bulk of the collection efforts made by this firm came subsequent to the entry of judgment. As such, it is unclear how actions taken after the entry of judgment would justify the vacating of the original judgment.

j. With respect to Defendant's claim that a lien was placed against her property in spite of her payment agreement, Plaintiff's certification makes it clear that an application to docket the judgment was made before Defendant's agreement with this office. The judgment was docketed on April 9, 2012. However, it was not until April 23, 2012 that Defendant spoke with this office over the phone and verbally agreed to a payment arrangement. Furthermore, Defendant attempts to characterize is unjustifiable the Plaintiff's cancellation of her payment agreement. However, it is unclear on what basis Defendant felt the agreement should have stayed in place when she missed two consecutive monthly payments.

k. In light of the totality of the foregoing, Plaintiff respectfully requests Defendant's application seeking to vacate the judgment of record be denied in its entirety.

Supp. App. Vol. I., pg. 017 of 025

nt: 003111915647     Page: 19     Date Filed: 03/26/2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Please Print Clearly)

PAULA JENSON

C. Date of Delivery

12/21/11

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below.   ☐ No

DEC 2 1 2011

WRN-DC-003230-11

1. Article Addressed to:

PAULA JENSEN
122 SILVER LAKE RD

BLAIRSTOWN        NJ 07825

2. Article Number

71360708283190701980

3. Service Type

☒ Certified

4. Restricted Delivery? (Extra Fee)   ☐ Yes

RECEIVED/FILED
SUPERIOR COURT OF N.J.
WARREN COUNTY
2011 DEC 22  A
DEPUTY CLERK
CIVIL DIVISION

PS Form 3811, February 2004

**DOMESTIC RETURN RECEIPT**

**REMOVE THIS STUB BEFORE
MAILING RETURN RECEIPT**

Supp. App. Vol. I., pg. 018 of 025

Case: 14-2808     Document: 003111915647     Page: 20     Date Filed: 03/26/2015

MIDLAND FUNDING LLC

           Plaintiff

vs.

PAULA JENSEN

           Defendant

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: WARREN COUNTY

DOCKET NO.  DJ-075397-12
DOCKET NO.  DC-003230-11

Civil Action

---

## BRIEF IN OPPOSITION TO DEFENDANT'S
## MOTION TO VACATE JUDGMENT

---

Pressler and Pressler, L.L.P.
Attorneys for Plaintiff
7 Entin Road
Parsippany, NJ 07054-5020

Christopher P. Odogbili, Esquire
P&P File #J93075

Supp. App. Vol. I., pg. 019 of 025

Case: 14-2808    Document: 003111915647    Page: 21    Date Filed: 03/26/2015

## A JUDGMENT SHALL NOT BE VACATED ABSENT A
## SHOWING OF EXCUSABLE NEGLECT.

Pursuant to <u>Rule</u> 4:50-1, the defendant must show the following:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

It is well settled law in the State of New Jersey that before a default judgment will be vacated, the defendant must show an excusable neglect for not answering the Summons and a meritorious defense to the cause of action. (In Re T. 95 N.J. Super. 228, 230 a.2d 526, (1967)), <u>Tradesman National Bank & Trust Co., vs. Cummins,</u> 38 N.J. Super 1.118A.2d 80 (1955) <u>Raritan Tp. vs. Rotante,</u> 92 N.J. Super. 319, 213 A.2d 286 (1966).

In the unpublished Appellate Court decision entitled <u>Jay Kronberg vs. Scott M. Donnenberg and Emergency Management Services, Inc.,</u> docket number A-4727-06T24727-906T2, decided on April 2, 2008, the Court found that the defendant failed to establish excusable neglect and that the mere fact that a defense may exist does not obviate the need for defendant to show excusable neglect.

The Court stated:

> Here, we cannot overlook Donnenberg's apparent blithe disregard of this lawsuit and his failure to respond to the many notices he received. He deigned to respond only when his automobile was levied upon . . . It is apparent that Donnenberg made a choice not to respond to this suit; we

Supp. App. Vol. I., pg. 020 of 025

Case: 14-2808    Document: 003111915647    Page: 22    Date Filed: 03/26/2015
can perceive no basis to relieve him of the consequences of
the choice he made.

In the <u>Kronberg v. Donnenberg</u> case, even though a meritorious defense exists, the Court made
it clear that the defendant must show excusable neglect.

In addition, excusable neglect must be shown by competent proofs and not mere statements by
the defendant.

In the case of <u>Marder vs. Realty Construction Co.,</u> (84 N.J. Super. 313), it is stated that an
application to vacate a default judgment is "viewed with great liberality, and every reasonable ground
for indulgence is tolerated to the end that a just result is reached." (84 N.J. Super. 313 at p. 319).
Nevertheless, a default judgment will not be disturbed unless the failure to answer or otherwise appear
and defend and was excusable under the circumstances <u>and unless the defendant has a meritorious
defense,</u> either to the cause of action itself or, if liability is not disputed, to the quantum of damages
assessed. <u>Marder vs. Realty Construction Co.,</u> Supra.; <u>Court Investment Co. vs. Perillo</u> (48 N.J. 334
(1966)); <u>Texaco Co. vs. DiGaetano</u> (29 N.J. 120 (1963)).

The defendant in the herein action has not met his burden of proof of establishing excusable
neglect to entitle him to vacate the judgment entered against him in the above matter.

THE BURDEN OF PROOF IN VACATING A
JUDGMENT FOR LACK OF SERVICE IS UPON THE
DEFENDANT TO PROVE THAT THE SERVICE BY
THE COURT WAS NOT PROPERLY EFFECTED.

The burden of proof is upon the defendant to come forward with competent proofs to show that the service of the Summons and Complaint was not properly effected by the Court. The defendant must prove that he was not properly served under R. 6:2-3(d)(4). Mere allegations are not enough.

The standard is set forth in the unpublished Appellate Court decision entitled Cooper Levenson April Neidelman & Wagenheim, P.A. v. V. J. Flanders Condominum Association, Inc., docket number A-1421-04T1 decided on February 7, 2006 which states:

> . . . defendant has failed to present any competent proofs . . . . No facts are presented.

The burden of proof is upon the defendant.

In the present case, the defendant, while stating that service was never effected, has not provided any proofs to the Court or shown any part of the Court record to not be accurate.

Supp. App. Vol. I., pg. 022 of 025

Case: 14-2808    Document: 003111915647    Page: 24    Date Filed: 03/26/2015

## JUDGMENTS SHALL NOT BE VACATED ABSENT A SHOWING OF A MERITORIOUS DEFENSE.

Although it is stated in the case of <u>Marder vs. Realty Construction Co.</u>, (84 N.J. Super. 313), it is stated that an application to vacate a default judgment is "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." (84 N.J. Super. 313 at p. 319), nevertheless, a default judgment will not be disturbed unless the failure to answer or otherwise appear and defend and was excusable under the circumstances <u>and unless the defendant has a meritorious defense,</u> either to the cause of action itself or, if liability is not disputed, to the quantum of damages assessed. <u>Marder vs. Realty Construction Co.,</u> Supra.; <u>Court Investment Co. vs. Perillo</u> (48 N.J. 334 (1966)); <u>Texaco Co. vs. DiGaetano</u> (29 N.J. 120 (1963)). The burden of proof is upon the defendant.

The standard is set forth in the unpublished Appellate Court decision entitled <u>Cooper Levenson April Neidelman & Wagenheim, P.A. v. V.J. Flanders Condominum Association, Inc.,</u> docket number A-1421-04T1 decided on February 7, 2006. This is reinforced by a recent unpublished Appellate Division case of <u>J & M Land Company v. Yong Te Pak and Jung Ok Pak,</u> docket number A-5804-06T32817-06T3 decided on May 6, 2008 in which the Court stated:

> . . . there is no indication of a meritorious defense other than defendants' general denial of the amount owed and their unsupported threat of a counterclaim.

As clearly shown by Judge Kane's decision, making a mere statement in a Certification without any competent proofs cannot support the burden required of showing a meritorious defense.

Case: 14-2808    Document: 003111915647    Page: 25    Date Filed: 03/26/2015

Supp. App. Vol. I., pg. 023 of 025

CONCLUSION

For the aforementioned reasons, the plaintiff requests that defendant's Motion to Vacate the Judgment be denied.

Respectfully submitted,

PRESSLER AND PRESSLER, L.L.P.

Dated: February 14, 2013

BY _____
CHRISTOPHER P. ODOGBILI

Supp. App. Vol. I., pg. 024 of 025

Case: 14-2808    Document: 003111915647    Page: 26    Date Filed: 03/26/2015

**Pressler & Pressler LLP**
Plaintiff's Name (first, middle, last)

7 Entin Road
Address

Parsippany, NJ 07054-5020
City, State, Zip Code

973 753-5100
Telephone Number

**vs.**

Paula Jensen
Defendant's Name (first, middle, last)

122 Silver Lake Road
Address

Blairstown, NJ 07825
City, State, Zip Code

908 362-9086
Telephone Number

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION**
**SPECIAL CIVIL PART**

Warren     County

Docket Number DC 3230-11

Amy
Judge's Chma

MAR – 1 2013

**Civil Action**
**Order**

---

This matter being opened to the court by  Paula Jensen                                                        the
(Your Name)

☐ Plaintiff   ■ Defendant   in the case by way of motion seeking an order to:
(check one)

■ Permit Discovery                      ☐ Amend Judgment
☐ Vacate Dismissal/Reinstate Complaint  ☐ Enter Judgment Out of Time
☐ Amend Complaint                       ■ Vacate Default/Vacate Default Judgment
☐ Amend Answer                          ☐ Other (Specify)

and the court having considered the motion, pleadings on file and/or argument of the moving party and
for good cause appearing;

**(Do not write below this line, for court use only)**

On this _____1ST_____ day of _March_ 20 _13_ :

it is ORDERED that  Defendant's Notice of Motion to vacate
default judgment is denied.

it is FURTHER ORDERED that a copy of this Order be served by the moving party upon all other
parties or their attorneys, if any, within __7__ days of the date listed above.

**This motion was:**
☑ Opposed   ☐ Unopposed

_____
AMY O'CONNOR        , J.S.C.

Reasons – as set forth on the record on 3/1/13.

---

Revised 09/2011, CN 10543 (How to File a Motion in the Special Civil Part)                    page 9 of 9

# SUPERIOR COURT OF NEW JERSEY
## VICINAGE 13

**CHAMBERS OF**
**AMY O'CONNOR**
**JUDGE**



**WARREN COUNTY COURTHOUSE**
**PO BOX 900**
**BELVIDERE, NJ 07823**
**908-475-6196**

March 6, 2013

TO:         Christopher P. Odogbili, Esq.
                Paula Jensen   (Pro Se)

FROM:     Amy O'Connor, J.S.C.

RE:         Midland Funding LLC v. Paula Jensen
                Docket No.:  DC-3230-11

Dear Counsel and Ms. Jensen:

Enclosed herewith in the above matter is an:

Order dated March 1, 2013.

Please serve a copy of the within Order on all counsel involved in this matter in accordance with the terms set forth in the Order.

Very truly yours,

Amy O'Connor, J.S.C.

AO/dg
Enc.

c:  Michael Brougham  (Civil Division w/original Order)