

**Sergei Lemberg, Esq.**     1100 Summer Street     Office:     203-653-2250 x5500
Stamford, CT 06905     Fax:     203-653-3424
Tel: 203-653-2250     Email:     slemberg@lemberglaw.com

March 26, 2015

**VIA ECF**

Marcia M. Waldron, Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  Paula Jensen v. Pressler and Pressler LLP and Midland Funding LLC; Case No.: 2:13-cv-01712-SDW-MCA; USCA 14-2808

Dear Clerk:

Pursuant to FRAP 28(j), Appellant Paula Jensen addresses the supplemental authorities submitted by Appellee Pressler and Pressler (Doc. No. 003111915612 (the "State Filings")).

By letter dated March 19, 2015, this Court ordered:

During the argument held on Wednesday, March 18, 2015, the court was informed that Paula Jensen moved in New Jersey state court to vacate the Information Subpoena at issue in this case, but that the state court found the Information Subpoena to be valid.

The Court hereby requests that counsel to either jointly stipulate that the subpoena was found to be valid under state law, or supplement the record with the state court's decision.

At oral argument, counsel for Appellee represented that the information subpoena at issue was found enforceable in the New Jersey state court proceeding. When asked whether "[the information subpoena] was found nonetheless enforceable?" counsel responded "correct."[1]

Ironically, the State Filings fail to substantiate that position. They do not contain a motion to vacate the subpoena or an order finding the subpoena enforceable. Indeed, Pressler's

---

[1] (*See* audio of March 18, 2015, oral arguments in Jensen v. Pressler & Pressler hearing, (http://www2.ca3.uscourts.gov/oralargument/audio/14-2808Jensenv.Pressler&Pressler,%20et.al.mp3. Discussion concerning state court proceeding beginning at 24 minutes and 30 seconds).

position was that any post-judgement violation of the FDCPA was *irrelevant* to the matter at hand – the motion to vacate a judgment. *See* Supp. App. Vol. I., pg. 016, ¶ i.

Jensen sued in this case because the subpoena sent to her violated 15 U.S.C. Section 1692e(9), which prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." The subpoena also violates 15 U.S.C. Section 1692e(10), which prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Here, the subpoena is concededly false, and Appellant should be held to task for disseminating it to New Jersey consumers. All issues pertaining to materiality or impact of the falsity may be properly relevant to Pressler's affirmative defenses and damages under 15 U.S.C. Section 1692k, not to liability.

Sincerely,

Sergei Lemberg

**Service Upon Counsel or Litigants**

      I hereby certify that on this the 26th day of March, 2015, I mailed and electronically filed through the CM/ECF system the foregoing which sent notice of such filing to the following:

Michael J. Peters
Mitchell L. Williamson
Pressler & Pressler
7 Entin Road
Parsippany, NJ 07054
mpeters@pressler-pressler.com
mwilliamson@pressler-pressler.com

Lauren M. Burnette
Marshall, Dennehey, Warner, Coleman & Goggin
100 Corporate Center Drive
Suite 201
Camp Hill, PA 17011
lmburnette@mdwcg.com

Ronald M. Metcho, II
Andrew M. Schwartz
Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street
Suite 2300
Philadelphia, PA 19103
rmmetcho@mdwcg.com
AMschwartz@mdwcg.com

                                            PAULA JENSEN,

                                            Sergei Lemberg, Esq.
                                            LEMBERG LAW, LLC